IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| REVIVAL RESTORATION SERVICES, LLC, )<br>)<br>Plaintiff,  )<br>)<br>v. )<br>)<br>UNITED ROOFING AND )<br>CONSTRUCTION, LLC, )<br>)<br>Defendant. ) | No. 2:24-cv-02064-SHL-tmp |

**ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR EXTENSION OF TIME WITHIN WHICH TO COMPLETE SERVICE OF PROCESS**

Before the Court is Plaintiff Revival Restoration Services, LLC's ("Revival") Motion for Extension of Time within Which to Complete Service of Process, filed May 15, 2024. (ECF No. 11.) For good cause shown, the motion is **GRANTED IN PART**.

Revival filed its Complaint on January 31, 2024. (ECF No. 1.) Under Federal Rule of Civil Procedure 4(m), Revival had ninety days to serve Defendant United Roofing and Construction, LLC after filing its complaint. That time period expired on April 30, and Defendant has not been served.

Revival first tried to serve Defendant through the Tennessee Secretary of State, but that was unsuccessful because service of process was not deliverable as addressed. (ECF No. 11 at PageID 31, 39.) Revival avers that they were not made aware of this failed attempt until April 8. (Id. at PageID 31.) Upon further research, Revival discovered that Defendant's registered address is gated with no office or residential structure in clear view. (Id.) Revival has since hired a private investigator to try and serve the Defendant's principal and managing agent, Moises Hernandez. (Id.) The investigator received the summons (and presumably the

complaint) from Revival on April 19.  (Id. at PageID 31–32.)   Given the obstacles it has encountered in the last month, Revival has exerted a fair amount of due diligence in its attempts to serve this "particularly elusive Defendant."  (ECF No. 11 at PageID 32.)

    The investigator recently made contact with Hernandez and believes he can serve him within the next ten days.  (Id.)  While Revival requests a sixty-day extension to serve Defendant, it appears that service will, by its own estimation, occur by May 25.  Therefore, the motion is **GRANTED IN PART** under Rule 4(m).  Revival's deadline to complete service of process is extended one month to **May 31**.  In the future, Revival is cautioned not to wait until a show cause order to communicate with the Court about missed deadlines.

    **IT IS SO ORDERED**, this 16th day of May, 2024.

                                            s/ Sheryl H. Lipman  
                                            SHERYL H. LIPMAN  
                                            CHIEF UNITED STATES DISTRICT JUDGE