# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | | |
|---|---|---|
| REVIVAL RESTORATION SERVICES, LLC, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 2:24-cv-02064-SHL-tmp |
| UNITED ROOFING AND CONSTRUCTION, LLC, | ) ) ) | |
| Defendant. | ) | |

## ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

Before the Court is Plaintiff Revival Restoration Services, LLC's ("Revival") Motion/Application for Default Judgment, filed July 9, 2024. (ECF No. 18.) Because entry of default was not sought first, the Motion for Default Judgment is **DENIED WITHOUT PREJUDICE**.

Federal Rule of Civil Procedure 55 establishes a two-step process for obtaining default judgment "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). First, if "that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Id. Second, unless Rule 55(b)(1) applies, "the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2).

Even though Defendant United Roofing and Construction, LLC has yet to answer or otherwise respond, this motion for default judgment is still premature. Revival must initiate "the first step, seeking entry of default from the clerk of court." See Dahl v. Kanawha Inv. Holding Co., 161 F.R.D. 673, 683 (N.D. Iowa 1995). Because that first step has not been completed, the motion "for default judgment [is] not on the proper procedural footing." Id.

Accordingly, Revival's Motion for Default Judgment is **DENIED WITHOUT PREJUDICE**.  The Clerk's Office is **DIRECTED** to mail this Order to the following address:

United Roofing and Construction, LLC
c/o Ken Sparrow
35711 Washington Loop Rd., #171
Punta Gorda, FL 33982

**IT IS SO ORDERED**, this 10th day of July, 2024.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE