IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| REVIVAL RESTORATION SERVICES, LLC, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 2:24-cv-02064-SHL-tmp |
| UNITED ROOFING AND CONSTRUCTION, LLC, | ) ) ) | |
| Defendant. | ) | |

**ORDER STRIKING CLERK'S ENTRY OF DEFAULT JUDGMENT AND SETTING DAMAGES HEARING ON PLAINTIFF'S REQUEST FOR ENTRY OF DEFAULT JUDGMENT**

On August 20, 2024, Plaintiff Revival Restoration Services, LLC requested the Clerk of Court to enter default judgment against Defendant United Roofing and Construction, LLC, following the entry of default on July 11, 2024. (ECF No. 23.) The Clerk granted Revival's request and entered default judgment against United Roofing on September 13, 2024. (ECF No. 25.) However, because Revival's claim is not for a sum certain, the Court **STRIKES** the Clerk's entry of Default Judgment and **SETS A HEARING** on Revival's request.

If a defendant fails to plead or otherwise defend itself, and that failure is shown, the clerk must enter the party's default. Fed. R. Civ. P. 55(a). Here, Revival filed a request for an entry of default and an affidavit in support on July 11, 2024. (ECF No. 21, 21-1.) United Roofing failed to respond, and the Clerk entered default against United Roofing on July 11, 2024. (ECF No. 22.) United Roofing did not move to set aside the default under Rule 55(c).

After an entry of default, a plaintiff has two options for obtaining a default judgment. Fed. R. Civ. P. 55(b). If the plaintiff's claim is for a "sum certain or a sum that can be made certain by computation," the plaintiff can submit an affidavit showing the amount due and ask

the clerk to enter default judgment for that amount. Fed. R. Civ. P. 55(b)(1). But, in all other cases, entry of default falls to the court. Fed. R. Civ. P. 55(b)(2).

A plaintiff's request for a specific amount does not create a sum certain. State Farm Fire & Gas. Co. v. Avant Styles LLC, No. 3:20-cv-00300, 2021 WL 981552, at *3 (M.D. Tenn. Mar. 16, 2021) (citing 10A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2683 (4th ed.)). A claim for damages is not a sum certain "unless there is no doubt" about the requested amount. Nat'l Auto Grp, Inc. v. Van Devere, Inc., No. 5:20-cv-2543, 2021 WL 1857143, at *2 (N.D. Ohio May 10, 2021) (citing KPS & Assocs., Inc. v. Designs by FMC, Inc., 318 F.3d 1, 19 (1st Cir. 2003)). Here, Revival's damages request is for a specific amount, but it is not the sort of request that meets the definition of damages that leave no doubt about its certainty. Rather, questions remain as to its reasonableness, among other things.

Revival's claim for damages stems from United Roofing's failure to properly install a roof under the terms of their contract.[1] (See generally ECF No. 1.) According to the Affidavit of Denis Brunotte, Revival's Chief Administrative Officer, United Roofing's breach forced Revival to replace damaged roofing materials at a cost of $134,190.50, and hire another subcontractor to perform the work at a cost of $57,600, totaling $191,790.50 in expenses. (ECF No. 23-1 at ¶¶ 3–4.) Because Revival withheld $20,000 of the contract price from United Roofing after discovering the breach, it seeks damages totaling $171,790.50. (Id. at ¶¶ 5–6.)

However, there is no proof that the money spent was reasonable under the circumstances and Revival failed to attach any receipts or invoices to prove the expenditures. The support for Revival's claim "is simply too thin for the Court to agree that the requested amount is truly a

---

[1] Because default has been entered against United Roofing, all of Revival's well-pleaded factual allegations establishing liability are deemed admitted. See Antoine v. Atlas Turner, Inc., 66 F.3d 105, 110–11 (6th Cir. 1995).

sum certain at this time." Iron Workers' Loc. No. 25 Pension Fund v. Acro Metals, Inc., No. 07-10881, 2007 WL 1500302, at *2 (E.D. Mich. May 23, 2007) (striking the clerk's entry of default sua sponte where the plaintiff's request for attorneys' fees required a determination of reasonableness).

Given this lack of certainty, the Court **STRIKES** the Clerk's entry of Default Judgment. When a claim is not for a sum certain, the court may require a hearing to determine the amount of damages and establish the truth of any allegation by evidence. Fed. R. Civ. P. 55(b)(2). Because Revival has not properly supported its assertions, the Court hereby **SETS A DAMAGES HEARING** for **Friday, November 1, 2024, at 1:30 p.m.** During this hearing, the Court will hear argument and evidence, if any, as to Revival's damages calculation.

Revival is also **ORDERED** to mail notice of the hearing to United Roofing at its most up-to-date address. The Clerk is also **DIRECTED** to mail this Order to United Roofing at the address at which it was served:

> United Roofing and Construction, LLC
> c/o Ken Sparrow
> 35711 Washington Loop Road, #171
> Punta Gorda, FL 33982

**IT IS SO ORDERED**, this 19th day of September, 2024.

> s/ Sheryl H. Lipman
> SHERYL H. LIPMAN
> CHIEF UNITED STATES DISTRICT JUDGE