IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| REVIVAL RESTORATION SERVICES, LLC, ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | No. 2:24-cv-02064-SHL-tmp |
| UNITED ROOFING AND CONSTRUCTION, LLC, ) ) ) | |
| Defendant. ) | |

**ORDER GRANTING PLAINTIFF'S REQUEST FOR ENTRY OF DEFAULT JUDGMENT**

On August 20, 2024, Plaintiff Revival Restoration Services, LLC requested the Clerk of Court to enter default judgment against Defendant United Roofing and Construction, LLC, following entry of default on July 11, 2024. (ECF No. 23.) The Clerk granted Revival's request on September 13, 2024. (ECF No. 25.) Because Revival's request for damages was not for a sum certain, the Court struck the Clerk's entry of default judgment and held a damages hearing on November 1, 2024. (ECF No. 26.) After considering the testimony of Joseph Pillow and examining the invoices submitted into evidence, the Court **GRANTS** Revival's motion.[1]

## **BACKGROUND**[2]

Revival subcontracted with United Roofing to replace a roof. (ECF No. 1 at ¶ 8.)

---

[1] The Court construes Plaintiff's Request for Entry of Default Judgment by Clerk Pursuant to FRCP 55(b)(1) (ECF No. 23) as a motion for default judgment by the Court under Federal Rule of Civil Procedure 55(b)(2). See Nat'l Auto Grp., Inc. v. Van Devere, Inc., No. 5:20-cv-2543, 2021 WL 1857143, at *3 (N.D. Ohio May 10, 2021) (construing an application for default judgment under Rule 55(b)(1) as a motion under Rule 55(b)(2) when the plaintiffs' claims were not for a sum certain).

[2] Because United Roofing defaulted, all of Revival's well-pleaded factual allegations establishing liability are deemed admitted. See Antoine v. Atlas Turner, Inc., 66 F.3d 105, 110–11 (6th Cir. 1995).

Revival supplied the materials, and United Roofing was supposed to remove the existing roof and install new cedar shake shingles.  (Id.)  In exchange for the work, Revival agreed to pay a total of $55,000, with $35,000 due up front and the remaining $20,000 due on completion.  (ECF No. 1-4 at PageID 20.)  But United Roofing improperly installed the materials, which led the manufacturer to refuse to issue a warranty on the roof.  (Id. at ¶ 10.)  Revival asked United Roofing to cure the problem by properly placing the existing shingles using the same nail holes, but United Roofing failed to do so; instead, it used nail guns that created new holes in the shingles and rendered them unusable for the project.  (Id. at ¶¶ 17–23.)

Revival filed its complaint against United Roofing on January 31, 2024, alleging breach of contract, breach of warranty, and ordinary negligence.  (ECF No. 1.)  After multiple extensions of time and many attempts to serve United Roofing, Revival finally did so on June 17, 2024.[3]  (ECF No. 17.)  To date, United Roofing has not appeared in this matter.  One day after United Roofing's deadline to file a responsive pleading, Revival moved for an entry of default, which the Court denied without prejudice after explaining the correct procedure for making such a request.  (ECF No. 20.)  Revival promptly followed the Court's instructions and requested the Clerk to enter default against United Roofing under Federal Rule of Civil Procedure 55(a), which the Clerk did the same day.  (ECF No. 21.)

A month and a half later, Revival asked the Clerk to enter a default judgment against United Roofing.  (ECF No. 24 at PageID 89–90.)  In support of its motion, Revival filed the

---

[3] When it became clear that Revival had not served United Roofing within the ninety-day timeframe provided by Federal Rule of Civil Procedure 4(m), the Court directed Revival to show cause for its delay.  (ECF No. 10.)  Revival stated that it diligently attempted service through certified mail, the Tennessee Secretary of State's Office, and a private process server with no success.  (ECF No. 11 at PageID 31–32.)  After receiving two extensions of time (ECF Nos. 12, 14), Revival personally served Ken Sparrow, who is listed as an owner of United Roofing on its website (ECF No. 21-1 at ¶¶ 6–9).

Affidavit of Denis Brunotte, its Chief Administrative Officer.  (ECF No. 23-1.)  Brunotte stated that United Roofing's breach caused Revival to spend a total of $134,190.50 to replace the roofing materials and $57,600.00 to hire another subcontractor.  (Id. at PageID 86.)  Because Revival withheld $20,000.00 of the original contract price, it only asked for a total of $171,790.00 in damages.  (Id. at PageID 87.)  The Clerk entered default judgment for that amount on September 13, 2024.  (ECF No. 25.)

However, Revival did not submit proof that the money spent to remedy the damage was reasonable under the circumstances, and it did not attach any receipts or invoices to prove the expenditures.  The only support for Revival's claim was Brunotte's unsubstantiated affidavit, which was not enough evidence for the Court to agree that the claim was truly for a sum certain.  (ECF No. 26 at PageID 95–96.)  Given the lack of certainty, the Court struck the Clerk's entry of default on September 19, 2024, and set a hearing to determine damages on November 1, 2024.  (Id. at PageID 96.)  The Clerk mailed a copy of the order to United Roofing on September 20.

At the hearing, Revival's counsel confirmed that he also notified United Roofing about the proceeding through regular mail at the addresses listed in its request for entry of default judgment and through email at the email address it previously used to correspond with United Roofing about the contract.  On top of those attempts, Revival sent United Roofing the exhibits it planned to use at the hearing via Federal Express.  Despite notice from both the Clerk and Revival, no one appeared on behalf of United Roofing.

Nevertheless, the hearing continued in United Roofing's absence.  Revival called Joseph Pillow, its Chief Operations Officer, to testify about the damage caused by the breach.  Pillow's job is to review subcontracts and supervise projects.  He testified that he personally began overseeing the subcontract at issue when United Roofing damaged the cedar shake shingles that

3

it had been provided for this project. Unified Roofing rendered the majority of the shingles unusable, and Pillow testified that the cost of determining whether the rest of the shingles could be salvaged would have been more than the cost to just replace all of them.

To remedy the damage, Revival purchased new roofing materials from Harrison Wholesale Company, Inc. and ABC Supply Company, Inc., and it subcontracted with CB Sheetmetal and Roofing to fix the roof. Revival produced invoices from each company to support its claims. (See ECF No. 29.) The invoices show that Revival paid a total of $65,300.00 to CB Sheetmetal for labor, $82,877.82 to Harrison Wholesale for materials, and $7,503.09 to ABC Supply for materials, which totals $155,680.90 in damages. Pillow testified that these expenditures were reasonable under the circumstances—indeed, Revival chose these companies because they were regular suppliers and offered the best prices in the area for the materials and labor required.

Because Revival withheld $20,000 of the contract price from United Roofing after discovering the breach, it now seeks damages totaling $135,680.90. It does not seek damages for the costs of additional project oversight and the interest on the amount paid for the damaged materials.

## **ANALYSIS**

If a defendant fails to plead or otherwise defend itself, and that failure is shown, the clerk must enter the party's default. Fed. R. Civ. P. 55(a). After an entry of default, a plaintiff has two options for obtaining a default judgment. Fed. R. Civ. P. 55(b). If the plaintiff's claim is for a "sum certain or a sum that can be made certain by computation," the plaintiff can submit an affidavit showing the amount due and ask the clerk to enter default judgment for that amount.

Fed. R. Civ. P. 55(b)(1).  But, in all other cases, entry of default judgment falls to the court.  Fed. R. Civ. P. 55(b)(2).

The decision to grant default judgment is discretionary—even if a defendant is in default under Rule 55(a), the plaintiff does not have a right to a default judgment under Rule 55(b)(2).  Boyce v. Peeks Restoration Servs., Inc., No. 1:22-cv-738, 2023 WL 4824455, at *2 (W.D. Mich. May 25, 2023).  Before a plaintiff can receive a default judgment, the court must first decide whether the plaintiff's well-pleaded factual allegations state a claim to relief.  Nat'l Auto Grp., 2021 WL 1857143, at *3.  While the well-pleaded factual allegations establishing liability are deemed admitted, the plaintiff's conclusions of law are not.  Id.

Here, Revival seeks a default judgment against United Roofing for breach of contract, breach of warranty, and negligence.  Because this is a diversity action, Tennessee substantive law applies.  See Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78 (1935).  Under Tennessee law, each of Revival's claims requires a showing that (1) United Roofing had an obligation to perform its job in a workmanlike manner, (2) it failed to do so, and (3) that failure caused Revival to suffer damages.  See Federal Ins. Co. v. Winters, 354 S.W.3d 287, 291–93 (Tenn. 2011).

For purposes of its breach of contract claim, Revival adequately pled that United Roofing had an obligation to perform to a certain standard because the contract itself requires that the work be "completed in a substantial workmanlike manner."  (ECF No. 1-4 at PageID 20.)  And both an implied warranty and an implied duty arise out of every construction contract to perform the service "skillfully, carefully, diligently, and in a workmanlike manner."  Federal Ins. Co., 354 S.W.3d at 291–93.  Revival has also adequately shown breach under each theory because it pled that United Roofing improperly installed the new shingles in a manner that caused the

5

manufacturer to refuse to issue a warranty on the roof, and United Roofing rendered most of the shingles unusable when it created new nail holes trying to cure the issue. (ECF No. 1 at ¶¶ 10, 22–24.) Finally, Revival pled that it suffered damages because it had to replace the damaged roofing materials and hire a new subcontractor to perform the work. (Id. at ¶ 25.) Thus, the Court finds that Revival adequately stated a claim to relief under all three causes of action.

Because Revival states a claim to relief, the Court must next "conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." Vesligaj v. Peterson, 331 F. App'x 351, 355 (6th Cir. 2009) (quoting Credit Lyonnais Sec. (USA), Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999)). In doing so, the Court cannot act as rubber-stamp for whatever amount Revival requests. See Boyce, 2023 WL 4824455, at *2. Instead, it must ensure that there is a reasonable basis to award the amount requested. Id. As a result, Revival must submit evidence of its damages. See Excell Marine Corp. v. Stagg Marine, Inc., No. 1:22-cv-655, 2024 WL 1897660, at *2 (S.D. Ohio Apr. 30, 2024).

The Court finds that Revival presented sufficient evidence to prove its damages to a reasonable certainty. Pillow's testimony confirmed that the cost to replace the damaged materials and the cost to hire a new subcontractor were reasonable in this locality, and the invoices confirmed the exact amount of Revival's expenditures. Both Pillow's testimony and the invoices provide the Court with a reasonable basis to award a default judgment in the amount of $135,680.90.

## CONCLUSION

Because Revival has stated claims to relief and proven its damages to a reasonable certainty, its motion for default judgment is **GRANTED**. The Court **AWARDS** Revival $135,680.90 in compensatory damages. An entry of default judgment will follow.

Revival is **ORDERED** to mail this order to United Roofing at the addresses listed in its motion and to email it to the following email address: Unitedroofing88@yahoo.com.  The Clerk is also **DIRECTED** to mail this order to United Roofing at the following addresses:

United Roofing and Construction, LLC
3240 60th Avenue NE
Naples, Florida 34120

United Roofing and Construction, LLC
c/o Moises Hernandez
35711 Washington Loop Road #17
Punta Gorda, FL 33982

United Roofing and Construction, LLC
c/o Ken Sparrow
35711 Washington Loop Road #171
Punta Gorda, FL 33982

**IT IS SO ORDERED**, this 8th day of November, 2024.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE